# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RENE DUVALL**                                                                                                    **PLAINTIFF**

**V.**                                         **No. 4:23-CV-01037-JM-JTK**

**MARTIN J. O'MALLEY, Acting Commissioner,**
**Social Security Administration**                                                         **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Either party may file written objections to this Recommendation, and those objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within fourteen days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.    Introduction:**

Rene Duvall applied for Title II disability benefits on May 5, 2021, alleging disability beginning June 1, 2018. (Tr. at 16). After her claim was denied initially and upon reconsideration, she requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. At the hearing on October 24, 2022, Duvall amended her alleged onset date to April 21, 2020. *Id*. The ALJ denied Duvall's application, the Appeals Council denied her request for review, and the ALJ's decision now stands as the final decision of the Commissioner. (Tr.

1

at 25). Duvall seeks judicial review, and for the reasons stated below, this Court should reverse the ALJ's decision denying benefits.

## II.     The Commissioner 's Decision:

The ALJ found Duvall had not engaged in substantial gainful activity since her alleged onset date of April 21, 2020. (Tr. at 18). Applying the requisite five-step sequential analysis,[1] the ALJ found Duvall had the following severe impairments: degenerative disc disease of the lumbar spine, obesity, osteoarthritis in the knee, fibromyalgia, cervical spine spondylosis, bursitis in the hip, and left carpal tunnel syndrome. (Tr. at 18). After finding that none of these impairments or combination of impairments met or medically equaled a listed impairment, the ALJ determined that Duvall would be able to perform light work with the following limitations: (1) she could not climb ladders, ropes, or scaffolds; (2) she could occasionally climb ramps and stairs; (3) she could frequently handle or finger with her left upper extremities; (4) she could not be exposed to extreme cold temperatures, direct sunlight, or more than a moderate noise environment; (5) she could not work at unprotected heights; (6) she could not work around moving or dangerous machinery; and (7) she could not perform work that required lower extremity foot control. (Tr. at 20).

---

[1] The ALJ determines: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a).

Duvall testified at the hearing regarding her claim of disability. (Tr. at 36). The ALJ found that Duvall was unable to perform any past relevant work. (Tr. at 23). Relying upon the testimony of a vocational expert, the ALJ found that a significant number of jobs existed in the national economy for someone Duvall's age with her education, work experience, and residual functional capacity. (Tr. at 24). These jobs included garment sorter, furniture rental clerk, and locker room attendant. *Id*. The ALJ concluded that Duvall was not disabled. (Tr. at 25).

### III.  Discussion:

**A.  Standard of Review**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). The United States Supreme Court has held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

It is not the task of the Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the Commissioner because there is contradictory evidence in the record. The test is whether there is substantial evidence in the record as a whole to support the decision of the Commissioner. *Miller*, 784 F.3d at 477.

### B. Arguments on Appeal

Duvall argues that the ALJ's decision is undermined by legal error and not based on substantial evidence. She contends that the ALJ (1) neglected to identify migraine headaches as a severe impairment at Step Two; (2) failed to evaluate medical opinions properly; (3) did not consider fibromyalgia at Step Three; (4) wrongly discounted Duvall's subjective complaints; and (5) erred in finding Duvall could perform light work with restrictions. The Court finds support for Duvall's Step Three argument.

At Step Three, the ALJ was required to determine whether any of Duvall's impairments, or combination thereof, met or medically equaled a listed impairment. 20 CFR §§ 404.1520(d), 404.1525, 404.1526. "The listings define impairments that would prevent an adult, regardless of age, education, or work experience, from performing any gainful activity, not just substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). If an impairment matches or is equivalent to a listed impairment, disability is presumed. *Id.* (citing *Bowen v. Yuckert*, 482 U.S. 137 (1987)).

Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." Social Security Ruling (SSR) 12-2p. Fibromyalgia "cannot meet a listing" because it "is not a listed impairment." *Id*. Instead, the ALJ must determine whether fibromyalgia equals a listing, such as Listing 14.09D for inflammatory arthritis, or whether fibromyalgia medically equals a listing in combination with at least one other medically determinable impairment. *Id*.

4

Duvall complained of "flu-like" pain over her entire body everyday due to fibromyalgia. (Tr. at 39, 48). She claimed that the pain and sensitivity throughout her body limited her ability to endure activity of any kind for longer than short periods. (Tr. at 231). She stated that her medication made her drowsy, that she stayed inside most of the day, and that her husband and daughter did almost all the cooking and cleaning. (Tr. at 232). Her medical records throughout the disability period include reference to fibromyalgia symptoms, such as fatigue, joint pain, and muscle aches. (Tr. at 333, 368, 371, 381–82, 377, 1465). She regularly received pain injections in her neck, back, hip, SI joint, and knee throughout the disability period. (Tr. at 482, 488, 491, 496, 499, 502, 505, 508, 511, 514, 517, 520, 523, 526, 529, 532, 535, 538, 541, 544, 547, 556, 559, 570, 576, 582, 594, 603, 611, 708, 714, 764, 1279, 1316, 1426, 1429, 1438, 1472, 1480, 1483). Two months before the ALJ hearing, Duvall saw Dr. Jonson Huang at Cotton O'Neil Neurology, who found Duvall had chronic bilateral leg weakness and pain, chronic intermittent leg paresthesia, chronic low-back pain with a history of lumbar spondylosis, chronic neck pain with a history of cervical spondylosis, chronic headaches consistent with migraines, and a history of fibromyalgia that he suspected contributed to those conditions. (Tr. at 1467). The disability determination services medical experts at both the initial and reconsideration stages found Duvall's fibromyalgia to be a severe impairment. (Tr. at 23).

At Step Two, the ALJ also found fibromyalgia to be a severe impairment, but it does not appear he considered Listing 14.09D (or any other relevant listing) at Step Three. (Tr. at 18, 20). In fact, the ALJ's Step Three analysis consisted of one paragraph, three sentences long. (Tr. at 20). In that short analysis, he expressly mentions three listings:

spinal disorders compromising the nerve root, depression, and anxiety. (Tr. at 20). It is unclear whether the ALJ considered fibromyalgia—alone or in concert with other impairments—at all. Furthermore, the ALJ's discussion of Duvall's medical records related to fibromyalgia elsewhere in his decision fails to establish that he properly considered fibromyalgia. (Tr. at 20–23).

In short, the ALJ's cursory Step Three analysis and failure to meaningfully review Duvall's medical records related to fibromyalgia prevent this Court from being able to determine whether substantial evidence supports the ALJ's Step Three finding. *See Hesseltine v. Colvin*, 800 F.3d 461, 466 (8th Cir. 2015) (remanding where ALJ summarily concluded combination of impairments did not medically equal a listing but did not provide reasons for that conclusion); *Scott v. Astrue*, 529 F.3d 818, 823 (8th Cir. 2008) (reversing where ALJ's conclusory analysis at Step Three made it "practically impossible" for a reviewing court to review the decision). Remand is appropriate.

### IV.   **Conclusion**:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. It is therefore RECOMMENDED that the Commissioner's decision be REVERSED and that the case be REMANDED for further administrative review.

IT IS SO ORDERED this 10th day of October 2024.

_____
UNITED STATES MAGISTRATE JUDGE